In re PREMIER AIRWAYS, INC., Debtor.

Thomas J. Gaffney, as Trustee, Plaintiff,

v.

United States Department of Transportation, Federal Aviation Administration, Defendants.

Bankruptcy No. 01–10656.
Adversary No. 02–1238.

United States Bankruptcy Court, W.D. New York.

Dec. 31, 2003.

Thomas J. Gaffney, Esq., Buffalo, NY, for Trustee/Plaintiff.

Michael A. Battle, United States Attorney, Western District of New York, By Jane B. Wolfe, Esq., Assistant U.S. Attorney, Buffalo, NY, for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

Real property is indeed different from personalty, and the Bankruptcy Code incorporates distinctions that honor this difference. One such distinction occurs in 11 U.S.C. § 544(a)(3), which grants to a trustee certain rights of a bona fide purchaser of real property. This power is key to a resolution of the present dispute, which involves the claim of the Federal Aviation Administration ("FAA") to an equitable lien on land that the debtor acquired through a grant under the Airport Improvement Program ("AIP") of the Department of Transportation.

Prior to its filing of a petition for relief under chapter 7 of the Bankruptcy Code, Premier Airways, Inc., ("Premier") operated a small airport in the Town of Angola, New York. This facility occupied 177.73 acres of land consisting of seven parcels. Four of these parcels constituted an original airfield that the debtor acquired in 1990. Then in 1993, the debtor obtained an AIP grant to purchase three contiguous parcels for airport expansion. As a condition for the grant, Premier agreed to follow comprehensive regulations regarding the structure and operation of the expanded facility. Physically, these regulations required that the airport provide space to the FAA for air traffic control and air navigation activities. Premier also agreed to reduce obstructions in its air space; to open its facility to general public use; to serve as a "reliever airport" in the event that no other commercial airport was available; to avoid closings for non-aeronautical reasons without the permission of the FAA; and to maintain accounts that are consistent with FAA guidelines. The regulations mandated compliance with environmental, labor and anti-discrimination laws. Most importantly, Premier promised never to sell, mortgage or encumber the facility. In the event that the newly acquired parcels were no longer used as an airport, Premier was obliged to return a proportionate part of the proceeds of sale to the FAA, for re-deposit into the Airport and Airway Trust Fund, for future use according to the same regulations which controlled the grant to Premier.

As required by the Department of Transportation, Premier took into its own name the title to the three expansion parcels. The operative deeds contained no restrictive covenants and made no provision for a reversionary interest to the FAA. For more than seven years after receiving the AIP grant, Premier used the three expansion parcels for airport purposes. Eventually, however, Premier encountered financial problems and filed a petition for relief under chapter 7 of the Bankruptcy Code on February 7, 2001. With due diligence, the chapter 7 trustee proceeded to liquidate the estate's assets. Meanwhile, the FAA filed a proof of claim for an equitable lien. Mutually recognizing the favorable terms of a proposed sale, the trustee and the FAA then entered into a stipulation which authorized a sale of the seven parcels of real property, free and clear of any equitable lien but on condition that any such lien would attach to the net proceeds. As acknowledged by the parties, the intent of the stipulation was to effect a sale that would nonetheless preserve for future decision the claim of the FAA. By Order dated March 1, 2002, this court approved the stipulation and directed the trustee to hold the proceeds of sale until further order of the court.

To resolve the competing claims to proceeds of the real property, the trustee commenced the present adversary proceeding for a judgment declaring that those proceeds were assets of the bankruptcy estate and that the FAA held neither an equitable lien nor a secured claim. The FAA has filed an answer, and both the trustee and the FAA have now cross moved for summary judgment.

■ The FAA essentially contends that the expansion parcels were not property of the bankruptcy estate, and that therefor, the United States retains a superior interest in that portion of the sale proceeds which is attributable to those parcels. Although it acknowledges that section 541 of the Bankruptcy Code gives broad definition to property of the estate, the FAA asserts that from this definition, courts have excluded property acquired through the use of federal grants, where the federal interest suffices to deem that property

an asset of the federal government. In particular, the FAA would rely upon the reasoning of Judge Posner in *In re Joliet–Will County Community Action Agency,* 847 F.2d 430 (7th Cir.1988). In that case, various governmental agencies claimed ownership of the debtor's assets, because those assets were either "grant money or personal property bought with such grant money." *Id.* at 431. In Judge Posner's view, the only question was

> whether the cash, and the personal property purchased with governmental grant money, are assets of Joliet–Will and therefore within the power of the trustee in bankruptcy, or whether they are assets of the federal government and of the state agencies to which the federal government made some of the grants initially, for redistribution (along with the state's own money) to operating organizations such as Joliet–Will. The answer depends on the terms under which the grants were made. Did they constitute Joliet–Will a trustee, custodian, or other intermediary, who lacks beneficial title and is merely an agent for the disbursal of funds belonging to another? If so, the funds (and the personal property bought with them) were not assets of the bankrupt estate. Or were the grants more like property under a contract for promised performance not actually performed? The promisee would have a contractual claim for the return of the money he had paid, but he would not have a property right in the money.

847 F.2d at 432 (citations deleted). Based on the nature of the grants, the court determined that the bankruptcy trustee lacked a sufficient beneficial interest in the property. In the present instance, the FAA urges a similar result based on three factors: its high level of control over grants under the Airport Improvement Program; the debtor's status as an agent of the FAA; and regulatory limitations on the use of grant money to pay creditors.

This court has no fundamental disagreement with the decision in *In re Joliet–Will County Community Action Agency,* or with any of other cases that the debtor cites in further support of that holding. *See Westmoreland Human Opportunities, Inc. v. Walsh,* 246 F.3d 233 (3rd Cir.2001); *In re Community Associates, Inc.,* 173 B.R. 824 (D.Conn.1994); *In re Alpha Center, Inc.,* 165 B.R. 881 (Bankr.S.D.Ill.1994); *In re Southwest Citizens' Organization for Poverty Elimination,* 91 B.R. 278 (Bankr. D.N.J.1988); and *In re Madison County Economic Opportunity Commission,* 53 B.R. 541 (Bankr.S.D.Ill.1985). Notably, however, all of these cases involve claims to personal property. Consequently, these cases do not consider the more comprehensive interests of a trustee with regard to real estate. In the present instance, the trustee holds an interest in the expansion properties that is superior to that of the FAA.

The arguments of the FAA incorporate two related but distinct theories. Counsel asserts that as an AIP grantee, the debtor holds the airport properties in trust for the benefit of the FAA.[1] Alternatively, the FAA claims an equitable lien on the real estate. Pursuant to section 541 of the Bankruptcy Code, a bankruptcy estate is comprised of seven categories of property. With respect to its trust argument, the FAA cites authorities that have excluded personal property from the first of these categories, that is, "all legal or equitable interests of the debtor in property as of the commencement of the case", except as

---

1. Notably, the FAA has made no argument for the application of 11 U.S.C. § 541(d). Indeed, this section would seem to have no relevance, in as much as Premier appears to possess at least some equitable interest, in addition to its legal title.

provided in subsections (b) and (c)(2) of section 541.[2] For real estate, however, this category of estate property is defined by 11 U.S.C. § 544(a)(3). With respect to its equitable lien argument, section 541(a)(3) incorporates into the bankruptcy estate "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title." In relevant part, section 550 provides that "to the extent that a transfer is avoided under section 544 ... of this title, the trustee may recover, for the benefit of the estate, the property transferred ...." Thus included into a bankruptcy estate are assets recovered under section 544, including those of its provisions that relate exclusively to real estate.

■ Controlling the outcome of the present dispute is 11 U.S.C. § 544(a)(3): (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—... (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Essentially, the trustee enjoys the rights of a bona fide purchaser who might have perfected an acquisition of the expansion properties from the debtor as of the commencement of the case. A bona fide purchaser is someone "who buys something for value without notice of another's claim to the item or of any defects in the seller's title ...." BLACK's LAW DICTIONARY 1249 (7th ed.1999). Thus, the trustee enjoys the status of a purchaser without knowledge of any implied trust or equitable lien of the FAA. Under New York law, a bona fide purchaser of real property will, upon the recording of its conveyance, take title free of any unrecorded interest. N.Y. REAL PROP. LAW § 291. Because the FAA never perfected its interest as a matter of record, the trustee may also avoid any equitable lien or other claim by the FAA to the expansion properties.

■ The FAA contends that any buyer of airport property should be deemed to know about the possible existence of an AIP claim, and that this possibility precludes the trustee from holding the status of a bona fide purchaser. This, however, is not the test of section 544. Under subdivision (a)(3), the trustee is not required to prove his or her bona fides. Rather, the trustee is presumed to hold the status of a bona fide purchaser of real property "from the debtor, against whom applicable law permits such transfer to be perfected." As against Premier, New York law permits the perfection of a transfer of the expansion properties. Of no consequence is the impact that the AIP claim might have had as against someone who does not enjoy the presumed status of a bona fide purchaser.

■ "The trustee has the rights of a bona fide purchaser of real property, but not of personal property." 5 COLLIER ON BANKRUPTCY, ¶ 544.08 (Alan N. Resnick et al. eds., 15th ed. rev.2003). If the trustee were attempting to avoid an interest in personal property, the FAA might more

---

**2.** Subsection (b) recognizes five narrowly defined exclusions, none of which has application to the present situation. Subsection (c)(2) allows the enforcement of certain restrictions on the transfer of a debtor's beneficial interest in a trust. Here, the FAA asserts that the debtor holds the status not of a trust beneficiary, but of a trustee.

persuasively have argued the application of *In re Joliet–Will County Community Action Agency.* Again, real property ·is different. Pursuant to 11 U.S.C. § 544(a)(3), the trustee enjoyed the rights of a bona fide purchaser of the expansion properties. Thus, proceeds from their sale are property of the bankruptcy estate, free of any secured claim or equitable lien of the FAA. Accordingly, the FAA holds only the status of a general unsecured creditor.

For all of the reasons set forth herein, the defendant's motion for summary judgment is denied, and the trustee's cross motion for summary judgment is granted.

So ordered.